435 A.2d 1231

**COMMONWEALTH of Pennsylvania**

v.

**ALAN D., Appellant.**

Superior Court of Pennsylvania.

Argued April 22, 1981.

Filed Oct. 2, 1981.

William R. Bernhart, Reading, for appellant.

George C. Yatron, District Attorney, Reading, submitted a brief on behalf of Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WICKERSHAM, Judge:

On April 24, 1980 in the Court of Common Pleas of Berks County, Pennsylvania—Juvenile Division, the defendant was found guilty of the summary offense of criminal mischief and was fined one hundred dollars ($100.00), costs and restitution. The juvenile-appellant appealed to this court.[1]

1. The appellant frames the Statement of Questions Involved as follows:

Following an episode where two concrete and wooden park benches were found overturned in a tree-well at the West Reading Playground, West Reading Police charged Alan D., age 12, with criminal mischief under the Pennsylvania Crimes Code, 18 Pa.C.S. § 3304(a)(2). A district justice entered a summary criminal conviction against defendant on the offense charged on November 20, 1979, imposed a $300 fine and ordered restitution in the amount of $150.34. Defendant timely appealed his summary criminal conviction to the Court of Common Pleas of Berks County for a trial *de novo*, Pa.R.Crim.P. 67, and shortly thereafter the matter was ordered transferred from regular miscellaneous court to the juvenile division. Defendant, at the time of trial, challenged the jurisdiction of the juvenile division of the court of common pleas over an appeal from a district justice's summary conviction.

Following testimony, the lower court entered its adjudication: finding defendant guilty beyond a reasonable doubt of the acts alleged, imposed a fine of $100, and ordered defendant to make restitution in the amount of $300.68. The court further found that the amount of damages being less than $500, the crime committed was a summary offense, 18 Pa.C.S. § 3304(b), and unless defendant failed to pay the fine levied, he had not committed a delinquent act, and therefore was not a delinquent child. 42 Pa.C.S. § 6302.

■ Underlying appellant's objection to jurisdiction appears to be the contention that the Juvenile Act, 42 Pa.C.S. § 6301, *et seq.*, applies only to delinquent acts, that summary offenses are not included within the designation "delinquent act," and, therefore, the juvenile division lacks jurisdiction over the subject matter of this case. Section 6302 of the Juvenile Act (hereinafter "Act") indeed provides that a delinquent act is one designated a crime under the law and that the term shall not include summary offenses, "unless

A. Whether the Juvenile Court of Berks County, Pennsylvania had jurisdiction to hear a case involving a minor charged with a summary offense and to render a finding of guilt of [sic] innocence. B. Whether the citation in the instant case is fatally defective in charging an improper section under 18 Pa.C.S.A. § 3304(a)(2)?

the child fails to pay a fine levied thereunder . . . ." However, jurisdiction under the Act does not depend solely on allegations of delinquency. Section 6303 of the Act, entitled "Scope of chapter," provides that in addition to proceedings in which delinquency is alleged, the Act shall apply to "[t]ransfers under section 6322 (relating to transfer from criminal proceedings)." Section 6322, subsection (a), states, in pertinent part, that:

█f it appears to the court in a criminal proceeding other than murder, that the defendant is a child, *this chapter shall immediately become applicable*, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case. (Emphasis added).

A threshold question in applying the facts of the case to the above section would be whether a hearing on a charge of a summary offense is a "criminal proceeding." The Crimes Code, 18 Pa.C.S. § 101, *et seq.,* itself provides the answer. Section 106 of the Crimes Code, subsection (a), states: "An offense defined by this title for which a sentence of death or of *imprisonment* is authorized constitutes a crime." 18 Pa.C.S. § 106(a) (Supp.1981–82) (emphasis added). At section 1105, the Crimes Code provides: "A person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 90 days. *Interest of Golden,* 243 Pa.Super. 267, 365 A.2d 157 (1976). It follows logically that a criminal proceeding encompasses a summary offense.

█ In the instant case, following defendant's appeal of his summary criminal conviction, the case was listed for a hearing in the common pleas court to be held January 9, 1980. Five days after that hearing, on January 14, 1980, the trial judge entered an order on the record noting that defendant was a child and certifying the matter to the juvenile division of the court. Thus, the procedures enumer-

ated in section 6322, subsection (a), were carried out precisely according to their terms. We believe that section 6303 of the Act, subsection (a)(2), which directs that the Act applies exclusively to transfers under section 6322, confers jurisdiction over a matter such as this one to the juvenile division of the court of common pleas.

It is significant to note that the lower court did not find that the child had committed a delinquent act and did not find that Alan D. was a delinquent child as those terms are defined in section 6302 of the Act. Clearly the term delinquent act expressly excludes summary offenses.[2]

When Alan D. appeared before the court of common pleas in a *de novo* proceeding arising out of his appeal from a conviction before a district justice, Alan D. was clearly involved in a "criminal proceeding". Being a child, age 12, the Juvenile Act immediately became applicable and it was appropriate and proper to transfer the case to the division of the court assigned to conduct juvenile hearings. Sections 6303 and 6322 of the Act clearly support the action taken by the Juvenile Division of the Court of Common Pleas of Berks County, and we affirm the order of the court below.[3]

MONTEMURO, J., files a dissenting opinion.

**2.** 42 Pa.C.S. § 6302 provides that a delinquent act does not include a summary offense unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court. *See In Interest of Ryan*, 277 Pa.Super. 433, 419 A.2d 1224 (1980). In both cases in *Ryan*, a child was convicted by a district justice of various summary offenses. The child was fined and did *not* take an appeal. When the child did not pay the fines, the district justice certified the case to the court of common pleas. The juvenile court ruled that the only issue properly before it was whether the child had failed to pay the fines. Finding that the child had failed to pay, the juvenile court adjudicated the child delinquent and placed him on probation. This court held that the juvenile court acted properly, and that pursuant to 42 Pa.C.S. § 6302, the juvenile court may not adjudicate a child delinquent simply because the child has been convicted of a summary offense.

**3.** Alan D.'s further contention that the citation issued to him was defective is utterly devoid of merit.

MONTEMURO, Judge, dissenting:

The only question before this court is whether the Juvenile Division of the Court of Common Pleas of Berks County had jurisdiction to hear the appeal *de novo* of a juvenile's conviction of the summary offense of criminal mischief before a District Justice. The majority agreed with the lower court that it had jurisdiction. Since I do not agree, I must respectfully dissent.

Alan D. a 12-year-old child, was charged on a citation with the crime of criminal mischief.[1] He was subsequently tried before a District Justice and was found guilty as charged. The sentence of the District Justice was a fine in the amount of three hundred dollars ($300.00) and restitution in the amount of one hundred fifty-four dollars and thirty-four cents ($154.34).[2]

The juvenile filed a timely appeal of his summary criminal conviction to the Court of Common Pleas for a trial *de novo*.[3] Shortly thereafter, the Court of Common Pleas of Berks County, Miscellaneous Division, on its own motion, transferred the case for trial to the Juvenile Division of the Court of Common Pleas of Berks County.[4]

Counsel for the juvenile entered a timely objection to the jurisdiction of the Juvenile Division of the Court of Common Pleas to hear a case involving a juvenile charged with a

1. 18 Pa.C.S.A. 3304(a)(2).

2. It is not clear how the District Justice arrived at the restitution figure of $154.34. Mr. Thomas Bagenstose, the Borough Manager of West Reading Borough, testified that the damages totalled $300.68 and this testimony was adopted by the court below. (R.R. 34a, 35a.)

3. Pa.R.Crim.P. 67.

4. I note that the caption of the case on the appeal *de novo* from the conviction by the District Justice was "*Commonwealth of Pennsylvania v. Alan D.*, In the Court of Common Pleas—*Civil*—of Berks County, Pennsylvania, No. 223 November, 1979." (Emphasis supplied). The majority embraced the lower court's finding that this case was the transfer of a criminal proceeding to the juvenile division of the court and makes no mention of the fact that the case is captioned as a *civil* proceeding. (R.R. 4a).

summary offense and to render a finding of guilt or innocence.

The juvenile court has jurisdiction over children charged with delinquent acts. *In Re Gillen*, 236 Pa.Super. 521, 344 A.2d 706 (1975). The Juvenile Act, Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978, 42 Pa.C.S.A. § 6302 (Purdon's 1980 Pamphlet), defines "Delinquent Act" as follows:

(1) The term means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or under local ordinances.

(2) The term shall not include:

(i) the crime of murder; or

(ii) *summary offenses, unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court.* (emphasis added)

The majority agrees that this provision of the law is clear and that the juvenile court does not have jurisdiction over summary offenses *unless the child fails to pay a fine levied thereunder,* in which event notice of such fact shall be certified to the court.[5] Here, the juvenile did not fail to pay the fine levied by the District Justice but instead appealed his conviction to the Court of Common Pleas pursuant to Pa.R.Crim.P. 67.

Neither the majority nor the court below was deterred by this road block to jurisdiction. Determined as they were to find jurisdiction, where I submit none existed, a detour was sought via Sections 6303 and 6322 of the Act.

Section 6303 entitled "Scope of Chapter" provides that in addition to proceedings in which a child is alleged to be delinquent or dependent, the Act shall apply to "transfers

---

**5.** As Administrative Judge of the Family Court Division of the Philadelphia Court of Common Pleas, I argued against divesting the Juvenile Court of jurisdiction in summary cases. Later, Judge Joseph Glancey, President Judge of the Municipal Court of Philadelphia, joined me in an attempt to have the Act amended to place jurisdiction of summary offenses back in Juvenile Court. We were not successful.

under Section 6322 (relating to transfer from criminal proceedings)." Section 6322, subsection (a), provides that:

... if it appears to the court in a criminal proceeding other than murder, that the defendant is a child, *this chapter shall immediately become applicable*, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case. (Emphasis added by the majority.)

But here the lower court, with the majority repeating the lower court's language almost verbatim, and thus agreeing, found the detour as difficult as the main roadblock and a tortuous process of "legal bootstrapping" was begun. They said that "a threshold question in applying the facts of the case to the above section would be whether a hearing on a charge of a summary offense is a 'criminal proceeding.' " Since the Crimes Code, 18 Pa.C.S.A. § 106(a) provides that "an offense defined by this title for which a sentence of death or of imprisonment is authorized constitutes a crime" and further, since 18 Pa.C.S.A. § 1105 provides that "person who has been convicted of a summary offense may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 90 days," the conclusion was inescapable that a criminal proceeding encompasses a summary proceeding. Assuming that the legislature meant Section 6322 relating to transfer to the juvenile court from criminal proceedings to be applicable to appeals *de novo* from convictions of summary offenses by District Justices, the majority completely by-passes Section 6303(b) of the Act which provides that "no child shall be detained, committed or *sentenced to imprisonment* by a district justice or a judge of the minor judiciary." (Emphasis added.) Since the juvenile defendant could not be sentenced to a term of imprisonment by the District Justice, the majority's "threshold question" of whether a hearing on a charge of a summary offense is a "criminal proceeding" must be answered in the negative.

It may be argued that on an appeal *de novo* from a conviction for a summary offense, the Court of Common Pleas may, following conviction, sentence the juvenile to a term of imprisonment. But here the only courts that ever entertain jurisdiction were the minor judiciary and the Juvenile Court. Be that as it may, I am at a loss to understand why the legislature would refuse to permit a District Justice to imprison a 12-year-old child for damaging two park benches and condone a sentence of imprisonment on this same juvenile if handed down by a Judge of the Court of Common Pleas.

Thus, the primary ground for the majority's approval of the juvenile court's assumption of jurisdiction in this case is a very technical reading of "transfer" jurisdiction under §§ 6303(a)(2) and 6322 of the Juvenile Act. Under the terms of § 6322, the court should transfer a case to juvenile court "if it *appears* to the court . . . that the defendant is a child . . ." (Emphasis added.) While it is true that such a transfer is mandatory in cases other than murder (and optional for murder), it is also true that the nature and wording of the section, when read with other provisions of the Act, can allow for no reading other than that this provision is remedial in nature and intended to allow the court to quickly correct a situation wherein a child is *inadvertently and mistakenly* before the adult division in a criminal proceeding which was *initiated* in the adult division (emphasis added).

It is a basic rule of statutory construction requiring no citation that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable. I submit it would be absurd for the legislature to say that the Juvenile Court does not have jurisdiction over children charged with summary offenses and at the same time provide that appeals from summary convictions before the minor judiciary be heard in Juvenile Court. If that were the case, then any juvenile convicted of a summary offense by a District Justice could be brought within the jurisdiction of the Juvenile Court merely by taking an appeal *de novo*. The

legislature instead provided for appeals *de novo* in these cases to be taken to the Court of Common Pleas and not to the Juvenile Court.

The majority says it is significant that the lower court did not find that the child had committed a delinquent act and did not find that this appellant was a delinquent child as those terms are defined in Section 6302 of the Act.

I agree with the majority that this is significant, but for a different reason. I submit that the finding of the lower court is significant because it violates the intent of the Act.

Section 6341(b) entitled "Adjudication" provides as follows:

> If the court finds on proof beyond a reasonable doubt that the child committed the acts by reason of which he is alleged to be delinquent it shall enter such finding on the record and it shall then proceed immediately or at a postponed hearing, which shall occur not later than 20 days after adjudication if the child is in detention, or to hear evidence as to whether the child is in need of treatment, supervision, or rehabilitation and to make and file its findings thereon. In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation. If the court finds that the child is not in need of treatment, supervision or rehabilitation, it shall dismiss the proceeding and discharge the child from any detention or other restriction theretofore ordered.

Section 6352(a)(5) entitled "Disposition of delinquent child" provides that:

> (a) *If the child is found to be a delinquent child*, the court may make any of the following orders of disposition best suited to his treatment, supervision, rehabilitation and welfare.
>
> .    .    .    .    .
>
> (5) Ordering payment by the child of the reasonable amounts of money as fines, costs, or restitution as

deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.

In the interest of judicial economy, the legislature provided in the last sentence of Section 6322 relating to "transfer from criminal proceedings," relied upon by the majority, that "unless the court directs the filing of a petition, the accusatory pleading may serve in lieu of a petition." Here the accusatory pleading *which constituted the petition* was the Citation issued by the District Justice charging the juvenile with the summary offense of criminal mischief. (Emphasis added.)

The Juvenile Act does not authorize the lower court to do what it did in this case; that is, finding beyond a reasonable doubt that the juvenile committed the act alleged in the petition and imposing fines and restitution in the amount of $300.00 plus the costs *and at the same time* entering a finding that the juvenile had not committed a delinquent act. (Emphasis added.) It is clear from the reading of Section 6352(a)(5) of the Act (*Supra*) that the Juvenile Court can only impose fines and restitution *after* a finding that the child is delinquent. (Emphasis added.)

Although not clear from the record, the lower court probably adopted this novel finding for the reason that it would have been difficult to find that this juvenile was in need of treatment, supervision, or rehabilitation and in such case, the proceeding would have to be dismissed. *See Section 6341(b), supra.*

Although not raised in the court below and consequently not properly before this court on appeal, I note in passing that the court below made no effort whatsoever to determine the appellant's ability to pay the fine and restitution. This, the court must do. *In the Interest of Ryan,* 277 Pa.Super. 433, 439 (1980), 419 A.2d 1224 at 1227 (1980).

I would reverse the lower court and remand the case for proceedings consistent with this opinion.