439 A.2d 680

**COMMONWEALTH of Pennsylvania,**

v.

**KIRK J., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed Dec. 11, 1981.

William J. Madden, Sharon, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before WICKERSHAM, BECK and WIEAND, JJ.

WICKERSHAM, Judge:

On August 5, 1980, appellant, Kirk J., was found guilty by District Justice Joseph V. Gabany of the following violations of the Vehicle Code: driving a motor vehicle without a license, a summary offense under 75 Pa.C.S. § 1501(a); fleeing or attempting to elude a police officer, a summary offense under 75 Pa.C.S. § 3733(a); and driving an unregistered vehicle, a summary offense under 75 Pa.C.S. § 1301. Fines in the total amount of $425.00 plus costs were assessed. The juvenile then appealed to the Court of Common Pleas of Mercer County.

At the de novo hearing before the court of common pleas the juvenile contended that since he was fifteen years old, section 6303 of the Vehicle Code, 75 Pa.C.S., was not applicable to him. This section states:

Any person over the age of 16 years charged with the violation of any provisions of this title constituting a

summary offense shall have all the rights of an adult and may be prosecuted under the provisions of this title in the same manner as an adult.

Appellant argued before the court of common pleas that based on this section the court had no jurisdiction to hear this case. The court of common pleas agreed and then transferred the matter into juvenile court by applying section 6322 of the Juvenile Act, 42 Pa.C.S. Section 6322 states:

Except as provided in 75 Pa.C.S. § 6303 (relating to rights and liabilities of minors), if it appears to the court in a criminal proceeding other than murder, that the defendant is a child, this chapter shall immediately become applicable, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case.

Following a hearing held by the juvenile court before the Honorable John Q. Stranahan, President Judge of Mercer County, the court entered an order on December 5, 1980, finding appellant guilty of driving a vehicle while unlicensed, driving an unregistered motor vehicle, and fleeing or attempting to elude a police officer. The court imposed a fine of $100.00 and costs upon the juvenile and directed that he pay the fine and costs within thirty (30) days. The court further found that Kirk J. was a delinquent child.

On December 24, 1980, an appeal was filed with this court and the single question presented was whether the commission of a summary motor vehicle violation by a juvenile under the age of sixteen was a "delinquent act" under the Juvenile Act, 42 Pa.C.S. §§ 6301, et seq.

In *Commonwealth v. Alan D.*, 291 Pa. Superior Ct. 298, 435 A.2d 1231 (1981), we considered a similar question. In *Alan D.*, the defendant, age twelve, was found guilty by a district justice of the summary offense of criminal mischief, 18 Pa.C.S. § 3304(a)(2). The juvenile appealed to the Court

of Common Pleas of Berks County, and the matter was ordered transferred from regular miscellaneous court to the juvenile division. Following testimony, the juvenile court found appellant guilty of the summary offense, imposed a fine of $100.00, and ordered the defendant to make restitution. The court further found that unless the defendant failed to pay the fine levied, he had not committed a delinquent act, and, therefore, was not a delinquent child. 42 Pa.C.S. § 6302.

On appeal to this court, the defendant in *Alan D.* challenged the jurisdiction of the juvenile division of the court of common pleas over his appeal from the district justice's summary conviction. We affirmed the juvenile court's order and held that section 6303 of the Juvenile Act, subsection (a)(2), which directs that the Act applies exclusively to transfers under section 6322, confers jurisdiction over the child's appeal to the juvenile division. We stated the following:

Underlying appellant's objection to jurisdiction appears to be the contention that the Juvenile Act, 42 Pa.C.S. §§ 6301, *et seq.*, applies only to delinquent acts, that summary offenses are not included within the designation "delinquent act," and, therefore, the juvenile division lacks jurisdiction over the subject matter of this case. Section 6302 of the Juvenile Act (hereinafter "Act") indeed provides that a delinquent act is one designated a crime under the law and that the term shall not include summary offenses, "unless the child fails to pay a fine levied thereunder . . . ." However, jurisdiction under the Act does not depend solely on allegations of delinquency. Section 6303 of the Act, entitled "Scope of chapter," provides that in addition to proceedings in which delinquency is alleged, the Act shall apply to "[t]ransfers under section 6322 (relating to transfer from criminal proceedings)."

Id., 291 Pa. at 300–01, 435 A.2d at 1232.

Instantly, we hold that the Mercer County Court of Common Pleas properly transferred the *de novo* appeal from a summary offense conviction into juvenile court. We hold

further that the juvenile court, following a hearing, was empowered to find the juvenile guilty of the summary offenses charged and to impose a fine and costs upon the juvenile.

The finding of the court that Kirk J. was a delinquent child, however, was improper and we reverse that finding.[1]

That part of the order of the juvenile court finding Kirk J. guilty of driving a vehicle while unlicensed, driving an unregistered motor vehicle and fleeing or attempting to elude a police officer, and imposing a fine of $100.00 and costs is affirmed. That part of the order of the juvenile court finding that Kirk J. was a delinquent child is reversed.

1.  42 Pa.C.S. § 6302 provides that a delinquent act does not include a summary offense unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court. *See In Interest of Ryan*, 277 Pa. Superior Ct. 433, 419 A.2d 1224 (1980). In both cases in *Ryan*, a child was convicted by a district justice of various summary offenses. The child was fined and did *not* take an appeal. When the child did not pay the fines, the district justice certified the case to the court of common pleas. The juvenile court ruled that the only issue properly before it was whether the child had failed to pay the fines. Finding that the child had failed to pay, the juvenile court adjudicated the child delinquent and placed him on probation. This court held that the juvenile court acted properly, and that pursuant to 42 Pa.C.S. § 6302, the juvenile court may not adjudicate a child delinquent simply because the child has been convicted of a summary offense. *Commonwealth v. Alan D., supra*, at 1232–33 n.2.