464 A.2d 348

**In the Interest of R.R., Juvenile.**

**Appeal of R.R.**

Superior Court of Pennsylvania.

Argued May 24, 1982.

Filed July 22, 1983.

336

338

Thomas R. Wilson, West Chester, for appellant.

John W. Liddy, Assistant District Attorney, West Chester, for Com., participating party.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Appellant, R.R., was involved in a one car automobile accident at approximately 5:30 o'clock, p.m., on July 26, 1980. The other occupant of the vehicle, Gary Walton, died as a result of injuries sustained in the accident. Appellant, a juvenile, was charged with three summary violations of

the Motor Vehicle Code, i.e., drivers required to be licensed,[1] driving on the right side of roadway,[2] and driving at a safe speed.[3] Appellant entered a plea of not guilty to all charges, and a hearing thereon was held before a district justice on August 19, 1980. At the conclusion of the hearing, appellant was found not guilty on all charges. Thereafter, on September 17, 1980, a petition was filed in the Juvenile Court of Chester County averring that appellant was a delinquent child based upon his alleged commission of the offenses of receiving stolen property,[4] unauthorized use of a motor vehicle,[5] and homicide by vehicle.[6] The death of Gary Walton, it was alleged, had been caused while appellant was "engaged in the violation of the laws of the Commonwealth of Pennsylvania applying to the operation or use of a vehicle or to regulation of traffic...." Appellant filed a motion to dismiss based upon Sections 109 and 110 of the Crimes Code, double jeopardy and res judicata. The trial court, upon recommendation of a juvenile master, denied the motion to dismiss. Appellant brings this appeal from the order denying his motion to dismiss.[7]

The facts relevant to our resolution of the issues raised on appeal are as follows: On July 26, 1980, at approximately 5:30 o'clock, p.m., Mr. and Mrs. Richard McAllister were leaving a parking lot when they saw an automobile belong-

1. 75 Pa.C.S. § 1501.

2. 75 Pa.C.S. § 3301.

3. 75 Pa.C.S. § 3361.

4. 18 Pa.C.S. § 3925.

5. 18 Pa.C.S. § 3928.

6. 75 Pa.C.S. § 3732.

7. The instant appeal is an interlocutory appeal and this Court's jurisdiction is "predicated solely on the double jeopardy claim pursuant to ... *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977)." *Commonwealth v. Ward*, 493 Pa. 115, 118, 425 A.2d 401, 402 (1981), *cert. denied*, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981) (footnote omitted). Accord: *Commonwealth v. Starks*, 490 Pa. 336, 339 n. 1, 416 A.2d 498, 499 n. 1 (1980); *Commonwealth v. Buffington*, 298 Pa.Super. 319, 321 n. 2, 444 A.2d 1194, 1195 n. 2 (1982).

ing to Robert Caldwell pass them. Knowing the vehicle to have been reported stolen, the McAllisters determined to follow the automobile and report its location to local authorities. After they had followed the vehicle a short distance to Shoen Road, the car left the roadway and crashed into trees near the highway. At the hearing before the district justice on August 19, 1980, Mr. McAllister testified that he could not identify the driver of the vehicle, but stated that when he approached the vehicle following the accident, appellant was banging his head against the window of the door adjacent to the driver's seat, attempting to get out of the car. Another Commonwealth witness, Ralph M. McGibbin, testified that when he arrived at the accident scene, both appellant and Gary Walton were in the vehicle, Walton on the right or passenger side, and appellant on the left or driver's side. The investigating officer, Thomas A. Wilkinson of the West Whiteland Township Police Department testified that when he arrived at the accident scene, appellant, apparently in shock, was seated on the ground nearby. In response to Officer Wilkinson's question, he stated that Gary Walton had been driving the car when the accident occurred. Appellant did not testify or offer any evidence. At the conclusion of the hearing, the district justice entered a verdict of not guilty on all charges.[8]

Thereafter, on September 17, 1980, the Commonwealth filed a petition alleging that appellant was a delinquent child. The petition contained the following averments: "On July 26, 1980, at or about 5:36 p.m. on Shoen Road, West Whiteland Township, Chester County, Pennsylvania, R_____ R_____, age 15 did operate a 1972 Ford Pinto automobile without the consent of its owner, Robert Caldwell; and further, on the above mentioned date, time, and location, R_____ R_____ did intentionally receive, retain or dispose of said 1972 Ford Pinto automobile belonging to

8. The reason for the finding does not appear. Our own review of the record suggests that the Commonwealth failed to prove appellant's age, that he was unlicensed, or that he drove at an unsafe speed on the wrong side of the highway. There was no finding that appellant was not the driver of the death vehicle.

Robert Caldwell, knowing that said vehicle was stolen, or believing it had probably been stolen without intent to restore it to its lawful owner; and further, on July 26, 1980, at or about 5:36 p.m. on Shoen Road, east of Oak Lane, West Whiteland Township, Chester County, Pennsylvania, R_____ R_____, while operating said 1972 Ford Pinto automobile, did unlawfully and unintentionally cause the death of Gary Walton, *while engaged in the violation of the laws of the Commonwealth of Pennsylvania applying to the operation or use of a vehicle or to regulation of traffic, to wit: Drivers Required to be Licensed, 75 PA. C.S.A. (1501), Driving on Right Side of Roadway, 75 PA. C.S.A. (3301), Driving Vehicle at Safe Speed, 75 PA. C.S.A. (3361)."* (emphasis supplied). The parties have stipulated that the Commonwealth knew of Gary Walton's death prior to the summary proceedings.

■■■■ Appellant's argument that section 110 of the Crimes Code, 18 Pa.C.S. § 110, requiring compulsory joinder of all offenses arising from a single criminal episode, bars the juvenile proceedings instituted against him is without merit. The Pennsylvania Supreme Court held in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983), that the compulsory joinder rule and section 110 of the Crimes Code "do not apply to prior summary [proceedings] for traffic violations under the Motor Vehicle Code." *Commonwealth v. Breitegan*, 500 Pa. 384, 386, 456 A.2d 1340, 1341 (1983). As the offenses for which appellant was tried and acquitted were summary offenses under the Motor Vehicle Code, section 110 of the Crimes Code does not bar a subsequent prosecution for other, non-summary offenses arising from the same criminal episode.

■■■■ Appellant's argument that principles of double jeopardy and collateral estoppel [9] preclude the Common-

---

**9.** "Collateral estoppel is an integral part of the double jeopardy clause of the Fifth Amendment to the United States Constitution, *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and ... appellant, by raising the issue of double jeopardy, necessarily raises

wealth from commencing juvenile proceedings against him following his acquittal on charges of violating sections 1501, 3301 and 3361 of the Motor Vehicle Code presents a more difficult question. " 'The double jeopardy clause breaks down into three general rules which preclude a second trial or a second punishment for the same offense: (1) *retrial for the same offense after acquittal;* (2) retrial for the same offense after conviction; (3) multiple punishment for the same offense at one trial. The judiciary views these rules as expressions of self-evident moral precepts: *It is wrong to retry a man for a crime of which he previously has been found innocent,* wrong to harass him with vexatious prosecution, and wrong to punish him twice for the same offense.' " *Commonwealth v. Grazier,* 481 Pa. 622, 630–631, 393 A.2d 335, 339 (1978) quoting *Commonwealth v. Mills,* 447 Pa. 163, 169, 286 A.2d 638, 641 (1971) (emphasis in original).[10] Accord: *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Commonwealth v. Bolden,* 472 Pa. 602, 618, 373 A.2d 90, 97 (1977); *Commonwealth v. Maddox,* 307 Pa.Super. 524, 532, 453 A.2d 1010, 1014 (1982); *Commonwealth v. Meekins,* 266 Pa.Super. 157, 162, 403 A.2d 591, 593 (1979).

" 'The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual

the collateral estoppel aspects of the double jeopardy clause." *Commonwealth v. Peluso,* 481 Pa. 641, 644, 393 A.2d 344, 346 (1978).

**10.** The double jeopardy protection of the Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The concept of collateral estoppel, as part of the Fifth Amendment protection, is also applicable to the states through the Fourteenth Amendment. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). See: *Commonwealth v. Peluso, supra* 481 Pa. at 645, 393 A.2d at 346; *Commonwealth v. Lewis,* 306 Pa.Super. 81, 84, 452 A.2d 13, 14 (1982).

for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978) quoting *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). Accord: *United States v. Scott,* 437 U.S. 82, 87, 98 S.Ct. 2187, 2191, 57 L.Ed.2d 65 (1978); *Abney v. United States,* 431 U.S. 651, 661–662, 97 S.Ct. 2034, 2041–2042, 52 L.Ed.2d 651 (1977); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); *Serfass v. United States,* 420 U.S. 377, 387–388, 95 S.Ct. 1055, 1061–1062, 43 L.Ed.2d 265 (1975). "The most straightforward application of the double jeopardy clause arises when a second prosecution is instituted against an individual who has been acquitted or convicted of the same offense in a prior trial." *Commonwealth v. Bolden, supra* 472 Pa. at 620, 373 A.2d at 99. It is well settled that "a verdict of acquittal . . . is a bar to a subsequent prosecution for the same offense." *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). Accord: *United States v. Scott, supra* 437 U.S. at 91, 98 S.Ct. 2187 at 2193, 57 L.Ed.2d 65. *United States v. Martin Linen Supply Co., supra* 430 U.S. at 571, 97 S.Ct. 1349 at 1354, 51 L.Ed.2d 642; *Serfass v. United States, supra* 420 U.S. at 392, 95 S.Ct. 1055 at 1064, 43 L.Ed.2d 265; *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962); *Commonwealth v. Zimmerman,* 498 Pa. 112, 118, 445 A.2d 92, 95 (1981); *Commonwealth v. Mitchell,* 497 Pa. 14, 17, 438 A.2d 596, 597 (1981); *Commonwealth v. Maurizio,* 496 Pa. 584, 586, 437 A.2d 1195, 1195–1196 (1981); 18 Pa.C.S. § 109(1).

In the instant case, appellant was charged with summary violations of the Vehicle Code, tried before a district justice and found not guilty. As the district justice was vested with the authority to try appellant on the summary charges, [See and compare: *Commonwealth v.*

*Kirk J.*, 293 Pa.Super. 487, 439 A.2d 680 (1981); *Commonwealth v. Alan D.*, 291 Pa.Super. 298, 435 A.2d 1231 (1981) ], jeopardy attached after the first witness had been sworn. See and compare: *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Commonwealth v. Maurizio, supra; Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981); *Commonwealth v. Thinnes*, 263 Pa.Super. 79, 397 A.2d 5 (1979). Appellant's acquittal on these charges, therefore, barred any subsequent prosecutions for the *same* offenses, even if the "acquittal [were] based upon an 'egregiously erroneous foundation....' " *Borough of West Chester v. Lal, supra* 493 Pa. at 392, 426 A.2d at 605 quoting *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978). The Commonwealth's petition sought to have appellant adjudicated delinquent not for violations of the Vehicle Code,[11] but, rather, as a result of his alleged commission of the crimes of receiving stolen property, unauthorized use of a motor vehicle and homicide by vehicle. While the constitutional prohibition against double jeopardy is applicable to juvenile proceedings,[12] it is readily apparent that neither the double jeopardy clause nor 18 Pa.C.S. § 109(1) bars subsequent proceedings against appellant for receiving stolen property, unauthorized use of a motor vehicle or homicide by vehicle where he was previously placed in jeopardy only on charges

**11.** The Juvenile Court has jurisdiction over children charged with delinquent acts. *In Interest of Ryan*, 277 Pa.Super. 433, 436, 419 A.2d 1224, 1225 (1980), *appeal dismissed*, 499 Pa. 220, 452 A.2d 1018 (1982); The Juvenile Act, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6302. Delinquent acts, however, do *not* include summary offenses, unless the child fails to pay a fine levied thereunder. 42 Pa.C.S. § 6302(2)(ii).

**12.** An individual is placed "in jeopardy" for purposes of the double jeopardy clause at an adjudicatory hearing on a juvenile petition. See: *Swisher v. Brady*, 438 U.S. 204, 215 n. 12, 98 S.Ct. 2699, 2706 n. 12, 57 L.Ed.2d 705 (1978); *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *In the Interest of George S., III*, 286 Pa.Super. 217, 428 A.2d 650 (1981); *In the Interest of Stephens*, 277 Pa.Super. 470, 419 A.2d 1244 (1980), allocatur granted December 2, 1980. See also: *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

of violating provisions of the Motor Vehicle Code. The offenses are different. However, subsequent proceedings against appellant for the offense of homicide by vehicle are limited by those principles of collateral estoppel which are embodied in the constitutional guarantee against double jeopardy.

" '[C]ollateral estoppel is issue preclusion. It seeks to prevent relitigation of a finally litigated issue in a subsequent proceeding between the same parties whether the same or different evidence is to be introduced.' " *Commonwealth v. Lewis*, 306 Pa.Super. 81, 83, 452 A.2d 13, 13–14 (1982) quoting *Commonwealth v. Hude, (Hude I)*, 492 Pa. 600, 617, 425 A.2d 313, 322 (1980). " ' "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *Commonwealth v. Peluso*, 481 Pa. 641, 645, 393 A.2d 344, 346–347 (1978) quoting *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Accord: *United States v. Venable*, 585 F.2d 71, 77 (3rd Cir.1978); *Commonwealth v. Grazier*, *supra* 481 Pa. at 632, 393 A.2d at 340.

■■■■■ In order to establish the elements of the offense of homicide by vehicle,[13] the Commonwealth will be required to prove beyond a reasonable doubt that appellant (1) unintentionally caused the death of Gary Walton (2) while engaged in the violation of *any law* or *municipal ordinance* applying to the use or operation of a vehicle or to traffic

13. Section 3732 of the Vehicle Code, 75 Pa.C.S. § 3732, defines the crime of homicide by vehicle as follows:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

regulation, and (3) that Walton's death was a "probable consequence" of the conduct. See: *Commonwealth v. Houtz*, 496 Pa. 345, 349, 437 A.2d 385, 387 (1981); *Commonwealth v. Koch*, 297 Pa.Super. 350, 443 A.2d 1157 (1982); 75 Pa.C.S. § 3732. The Commonwealth seeks to establish the second and third elements of the crime of homicide by vehicle by proving at the hearing on the juvenile petition alleging delinquency that appellant caused Gary Walton's death "while engaged in the violation ... [of] 75 PA.C.S.A. (1501), ... 75 PA.C.S.A. (3301) ... [and] 75 PA.C.S.A. (3361)," and that Walton's death was caused by appellant's disregard of such statutes. We agree with appellant that collateral estoppel, a part of the double jeopardy clause, prohibits the Commonwealth from attempting to prove once again that appellant violated sections 1501, 3301 and 3361 of the Motor Vehicle Code. Collateral estoppel requires that where an ultimate fact has necessarily been established in favor of a defendant in a former prosecution, the issue may not be relitigated in any subsequent proceeding against the defendant. *Ashe v. Swenson, supra.* The district justice, having acquitted appellant on the summary motor vehicle charges, necessarily determined that the Commonwealth had failed to establish that appellant violated sections 1501, 3301 and 3361 of the Motor Vehicle Code. A second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding is prohibited by the double jeopardy clause. See: *Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, 661 (1982); *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978); *Commonwealth v. Mitchell, supra* 497 Pa. at 17, 438 A.2d at 597; *Commonwealth v. Benaglio*, 254 Pa.Super. 100, 104, 385 A.2d 544, 546 (1978). In the hearing on the juvenile petition, therefore, the Commonwealth is prohibited from attempting to prove that appellant violated sections 1501, 3301 and 3361 of the Motor Vehicle Code.

Such a determination does not necessarily require that the Commonwealth refrain from attempting to prove that appellant is guilty of homicide by vehicle. The sections of the Motor Vehicle Code which appellant has been found not to have violated are not the only violations which will support a conviction for homicide by vehicle. See: *Commonwealth v. Koch, supra* 297 Pa.Super. at 357–358, 443 A.2d at 1161. Neither are they lesser included offenses of the crime of homicide by vehicle. See: *Commonwealth v. Zimmerman, supra* 498 Pa. at 117, 445 A.2d at 96. Proceedings against appellant in juvenile court on the charge of homicide by vehicle, therefore, are not barred under principles of double jeopardy or collateral estoppel, so long as the Commonwealth does not attempt to establish the crime by proving that appellant violated sections 1501, 3301 and 3361 of the Motor Vehicle Code.

The parties to this appeal seek to raise additional, non-double jeopardy issues in this appeal. However, the *Bolden* exception to interlocutory appeals is "expressly limited to double jeopardy claims, and our cases have made clear that we will not permit 'piggy-backing.'" *Commonwealth v. Hude, (Hude I), supra* 492 Pa. at 624, 425 A.2d at 325. Accord: *Commonwealth v. Hude, (Hude II),* 500 Pa. 482, 490 n. 13, 458 A.2d 177, 181 n. 13 (1983); *Commonwealth v. Ward, supra,* 493 Pa. at 118 & n. 1, 425 A.2d at 402 & n. 1; *Commonwealth v. Klobuchir,* 486 Pa. 241, 248 n. 5, 405 A.2d 881, 884 n. 5 (1979), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980). Therefore, we express no opinion on those non-double jeopardy issues raised by the parties.[14]

The record is remanded for proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.

14. Included among the issues concerning which we express no opinion is whether the Commonwealth's petition may be amended to allege other vehicle violations in support of an accusation of homicide by vehicle.