583 A.2d 816

In the Interest of Ronnie J. MORROW.

Appeal of COMMONWEALTH of Pennsylvania for Ronnie J. MORROW.

Superior Court of Pennsylvania.

Argued Oct. 2, 1990.

Filed Dec. 18, 1990.

Joan Weiner, Asst. Dist. Atty., Philadelphia, for the Com., appellant.

Paul George, Philadelphia, for participating party.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from an order dismissing further juvenile proceedings against appellee minor on the grounds of double jeopardy. For the reasons set forth below, we reverse.

Appellee's original adjudicatory hearing was held before the Honorable Abram Frank Reynolds on December 21, 1989. The arresting officers testified that they observed appellee sell cocaine on the street and that the subsequent search incident to arrest uncovered nine hundred thirty-six dollars ($936.00) on appellee's person. While the minor's mother was testifying on her son's behalf, the hearing judge interrupted the witness and challenged her to explain where the minor had obtained such a large amount of cash. N.T. 12/21/89 at 6. Ms. Morrow replied that she had given the money to the child out of her unemployment check. *Id.* In response, Judge Reynolds berated Ms. Morrow and told her that *she* was the real problem facing the court. *Id.* The hearing judge also condemned Ms. Morrow's style of parenting, implied that she did not truly love her son and castigated her for lying to the court. *Id.* at 7. When the witness stated that she was not lying, the judge refused to permit Ms. Morrow to complete her testimony and ordered her to leave the stand. *Id.* The record shows that Ms. Morrow was removed from the courtroom at this point. *Id.*

Upon recovering his composure, the hearing judge apologized for his behavior and asked whether appellee wanted the case to be transferred to another judge. *Id.* Despite a negative response from defense counsel, the hearing judge determined that he had to recuse himself from appellee's case because he was "totally wrong." *Id.* The case was next assigned to the Honorable Kathryn S. Lewis for disposition. Before a second adjudicatory hearing could be conducted, however, appellee moved to have the charges dismissed on the grounds that the declaration of a new hearing had not been manifestly necessary and that a rehearing was therefore precluded by double jeopardy principles. Judge Lewis agreed with the accused and barred the Common-

wealth from proceeding with a rehearing. The instant timely appeal ensued which raises one issue for our consideration: did the trial court err in granting double jeopardy relief and thus barring a rehearing for appellee?

Appellee correctly argues that the constitutional protection against being placed twice in jeopardy applies to proceedings before the juvenile court. *Swisher v. Brady,* 438 U.S. 204, 215 n. 12, 98 S.Ct. 2699, 2706 n. 12, 57 L.Ed.2d 705 (1978); *In Interest of R.R.,* 317 Pa.Super. 334, 464 A.2d 348 (1983). It is also beyond cavil that jeopardy attaches once testimony has commenced at a juvenile's adjudicatory hearing. *Swisher, supra; Interest of R.R., supra,* 317 Pa.Superior Ct. at 344, n. 12, 464 A.2d at 353 n. 12. Once an accused's double jeopardy rights have been implicated, the question of whether a new hearing may be conducted after a mistrial has been declared without the defendant's request or consent depends on a resolution of whether there is "a manifest necessity for the mistrial, or [whether] the ends of public justice would otherwise be defeated." *Commonwealth v. Balog,* 395 Pa.Super. 158, 163, 576 A.2d 1092, 1094 (1990), *citing Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976).

Unquestionably, a judge who *sua sponte* aborts a criminal proceeding has deprived a defendant of the valuable right to have the proceeding completed by a particular tribunal. *United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971); *Commonwealth v. Balog, supra,* 395 Pa.Superior Ct. at 163, 576 A.2d at 1094–95. Any doubt relative to the existence of manifest necessity to declare a new hearing must be resolved in favor of the appellee. *See, e.g., Commonwealth v. Balog, supra,* 395 Pa.Superior Ct. at 164, 576 A.2d at 1095. Instantly, however, the prerogative to have the adjudication completed in its initial forum must be balanced against appellee's uncontroverted right to have his guilt or innocence determined by an impartial judge. *See also Commonwealth v. Lemanski,* 365 Pa.Super. 332, 341, 529 A.2d 1085, 1089 (1987) (a defendant is entitled to a trial or hearing before a judge who is

not biased against him at any point of the proceeding). So strong is the constitutional imperative of adjudication before an unbiased tribunal, that the Pennsylvania Supreme Court has declared: "[r]ecusal is *required* whenever there is substantial doubt as to a jurist's ability to preside impartially." *Commonwealth v. Boyle*, 498 Pa. 486, 490, 447 A.2d 250, 252 (1982) (emphasis added). "A jurist's impartiality is called into question whenever he has doubts as to his ability to preside objectively and fairly in the proceeding...." *Id.*, 498 Pa. at 490 n. 4, 447 A.2d at 252 n. 4.

■ As our supreme court has further explained, a judge is the foremost authority in his own courtroom; he is the sole governor of his own conduct. *Commonwealth v. Hammer*, 508 Pa. 88, 96, 494 A.2d 1054, 1058 (1985). The duty therefore lies with the lower court judge to ensure that his conduct is "above reproach" in a criminal prosecution and to recuse himself when his conduct is prejudicial to the defendant. *Id.* Our supreme court has made it clear that a judge *must* recuse himself when his behavior departs "from the clear line of duty through questions, expressions or conduct [which] contravenes the orderly administration of justice." *Id. quoting Commonwealth v. Myma*, 278 Pa. 505, 508, 123 A. 486, 487 (1924).

We note that the Code of Judicial Conduct gives the judge the responsibility for maintaining order and decorum in proceedings before him and exhorts the judge to "accord to every person who is legally interested in a proceeding ... full right to be heard according to law...." *Code of Judicial Conduct*, Canon 3, subd. A(2) and (4). Finally, the Code calls for disqualification where a judge's "impartiality might reasonably be questioned" because of personal bias or prejudice concerning a party. *Id.*, subd. C(1). *See also Commonwealth v. Lemanski, supra* (recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially); *Commonwealth v. Bryant*, 328 Pa.Super. 1, 476 A.2d 422 (1984) (judicial conduct is governed by the precept of avoiding not only actual impropriety, but even the appearance of impropriety).

When a judge "believes his impartiality can be reasonably questioned," he should recuse himself, just as he should if he himself has doubt as to his ability to preside impartially. *Commonwealth v. Goodman,* 454 Pa. 358, 361, 311 A.2d 652, 654 (1973) (quoting A.B.A. Standards Relating to the Function of the Trial Judge § 1.7, approved Draft, 1972). In the case before us, the lower court judge twice interrupted the testimony of a crucial witness for appellee, the minor's own mother. The judge curtailed Ms. Morrow's ability to complete her testimony for the defense. He castigated this woman, blamed her for her son's problems, and effectively banished her from the courtroom. N.T. 12/21/89 at 6–7. Judge Reynolds' severe distress at his lapse in judicial decorum and the resulting prejudicial effect on appellee is patent in his disjointed responses to remarks by counsel. *Id.* at 7–8. Although appellee's counsel suggested that the matter merely be "set aside," Judge Reynolds indicated that he could not do so and indicated that he "should not handle" appellee's case further. *Id.* at 7. Under these circumstances, we cannot conclude that Judge Reynolds committed either abuse of discretion or error of law in recusing himself and granting a new hearing for reasons of manifest necessity. Because there was a manifest necessity for a new hearing, the accused's double jeopardy rights have not been compromised. *See Commonwealth v. Balog, supra.*

The decision of the lower court is reversed. The order dismissing appellee and barring further prosecution is vacated and the case is remanded for an adjudicatory hearing. The jurisdiction of the Superior Court is relinquished.