## Commonwealth v. Wilt

*James M. Schall, district attorney,* for the Commonwealth.

*Gary D. Wilt,* for defendant.

KAYE, *J.,* July 24, 1991—Defendant, Jared Hixson Wilt, has filed a motion for transfer of the above-captioned proceeding to the juvenile court division of the court. The parties have stipulated to all pertinent facts. On September 7, 1989, defendant was charged with the summary offense of violating section 3310(a) of the Vehicle Code, 75 Pa.C.S. §3310(a), which prohibits the driver of a motor vehicle from following another vehicle "more closely than is reasonable and prudent." Defendant was 16 years old at the time the offense was committed. On October 26, 1989, defendant was found guilty by District Justice Betty M. Keebaugh. He subsequently filed a timely appeal to the Court of Common Pleas, Fulton County Branch, where, following a de novo hearing before the undersigned, he was found to be guilty on December 20, 1990. The sole issue currently before the court[1] is whether jurisdiction over the appeal of defendant's summary conviction was properly exercised by the criminal division of the court. Defendant argues that jurisdiction is properly vested in the juvenile court division.

Section 6303 of the Vehicle Code, 75 Pa.C.S. §6303, provides as follows:

"Any person over the age of 16 years charged with the violation of any provisions of this title

---

1. Defendant has withdrawn his post-trial motions for a new trial or arrest of judgment.

constituting a summary offense shall have all the rights of an adult and may be prosecuted under the provisions of this title in the same manner as an adult.''

Section 6322 of the Juvenile Act, 42 Pa.C.S. §6322, correspondingly provides for juvenile court jurisdiction over criminal proceedings ''[e]xcept as provided in 75 Pa.C.S. §6303 (relating to rights and liabilities of minors).'' Reading these two statutory provisions together, it appears clear that defendant, who was over the age of 16 at the time he committed the offense here at issue, was properly prosecuted as an adult in a criminal proceeding.

Defendant's contentions that the Juvenile Act did not intend for minors to be tried as adults in any court of record and that jurisdiction in appeals from Vehicle Code summary convictions properly lies in juvenile court are wholly unpersuasive. It is a fundamental rule of statutory construction that ''[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'' 1 Pa.C.S. §1921(b). We believe that the Vehicle Code and Juvenile Act provisions cited above clearly vest the criminal division of this court with jurisdiction over the subject proceedings and in no way require the transfer of this matter to juvenile court.

The case law cited by defendant does not require a different result. In *Commonwealth v. Hull,* 54 D.&C. 2d 151 (1971), the court correctly noted that while the predecessor to section 6303 of the Vehicle Code[2] permits the prosecution of juveniles between the ages of 16 and 18 as adults, the existence of such jurisdiction is not exclusive and does not invalidate

---

2. Section 1203.1 of the Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, repealed by section 7(a) of the Act of June 17, 1976, R.L. 162.

the authority of the juvenile court to exercise jurisdiction where a petition is filed with that division of the court. We would agree that criminal court jurisdiction regarding such juveniles is permissive, rather than mandatory or exclusive.

Defendant also cites the case of *Commonwealth v. Kirk J.,* 293 Pa. Super. 487, 439 A.2d 680 (1981). In that case, the defendant was only 15 years of age at the time he committed several summary motor vehicle offenses. The primary issue addressed in the opinion was whether a summary motor vehicle violation committed by a juvenile under the age of 16 constituted a delinquent act. As a procedural matter, however, the Superior Court approved of the trial court's determination that it lacked jurisdiction over the proceedings since they involved a juvenile under the age of 16. The court appropriately transferred the case to its juvenile court division.

We finally note the recent case of *Commonwealth v. Bursick,* 526 Pa. 6, 584 A.2d 291 (1990), in which the issue before the court was whether a person could properly be found to be a habitual offender[3] when one of the three offenses involved was committed when the defendant was 15 years of age. In ruling that an offense committed by a youth under the age of 16 should be included in a determination of habitual offender status, the court observed that section 6303 of the Vehicle Code "plainly does not state that persons under 16 years of age are exempt from prosecution. Instead, it merely states that any person over the age of 16 years can be prosecuted for a summary vehicular offense *as an adult.* Thus, section 6303 is not to be construed as a grant of immunity for young offenders; rather it governs only the *manner* of prosecution." *Bursick, supra.* (em-

---

3. See section 1542 of the Vehicle Code, 75 Pa.C.S. §1542.

phasis in original) We believe that this language lends additional support to our conclusion that section 6303 of the Vehicle Code authorizes criminal court jurisdiction in the matter at bar.

We will, accordingly, deny defendant's motion to transfer this proceeding to the juvenile division of the court.

## ORDER

Now, July 24, 1991, defendant's motion to transfer this proceeding to the juvenile court division of the court is hereby denied.