550 A.2d 290

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Joseph S. Bursick, Appellee.

Submitted on briefs September 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Mark A. Ciccarelli,* with him, *Thomas J. Schuchert, Thomas Schuchert & Associates,* for appellee.

OPINION BY JUDGE BARRY, November 17, 1988:

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Joseph S. Bursick (licensee) from DOT's five year suspension of his operator's license pursuant to Section 1542 of the Vehicle Code (Code)[1] (habitual offender).

Section 1542 of the Code provides for the revocation of the operating privileges of a person who is found to be a habitual offender. The licensee was found to be a habitual offender on the basis of three convictions. The first was a conviction in 1982 for violating Section 3743[2] of the Code (leaving the scene of an accident involving damage to an attended vehicle). The second and third convictions were in 1986 for violations of Section 3731[3] of the Code (driving under influence of alcohol or controlled substance). DOT revoked the licensee's operating privileges for a period of five years.

The licensee appealed DOT's revocation to the trial court which sustained the appeal concluding that DOT improperly considered the licensee's Section 3743 violation in determining his status as a habitual offender. We disagree and reverse the trial court.[4]

The licensee's conviction for violation of Section 3743 occurred when he was fifteen years old. In support of the trial court's conclusion, the licensee argues that the consideration of his conviction of Section 3743

---

[1] 75 Pa. C. S. §1542.

[2] 75 Pa. C. S. §3743.

[3] 75 Pa. C. S. §3731.

[4] Our scope of review is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the trial court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth,* 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

while a minor is impermissible under the Juvenile Act, 42 Pa. C. S. §§6301-6365.

Section 6354 of the Juvenile Act provides in pertinent part:

> . . . .
>
> (b)   The disposition of a child *under this chapter* may not be used against him in any proceeding *in any court* other than at a subsequent juvenile hearing, whether before or after reaching majority. . . .

42 Pa. C. S. §6354(b) (emphasis added).

Section 6303(a) of the Juvenile Act provides in pertinent part:

> (a)   General rule.—This chapter shall apply exclusively to the following:
>
> (1)   Proceedings in which a child is alleged to be delinquent or dependent.
>
> (2)   Transfers under section 6322 (relating to transfer from criminal proceedings).
>
> (3)   Proceedings arising under Subchapter E (relating to dispositions affecting other jurisdictions).
>
> (4)   Proceedings under the Interstate Compact on Juveniles, as set forth in section 731 of the act of June 13, 1967 (P.L. 31, No. 21), known as the 'Public Welfare Code.'

42 Pa. C. S. §6303(a).

We must find that the licensee's conviction for the violation of Section 3743 does not fall within the scope of protection provided by the Juvenile Act. By its terms the protection of the Act applies only to dispositions "under this chapter." 42 Pa. C. S. §6354(b). Section 6303 of the Juvenile Act specifically lists the proceedings to which the chapter applies. Violations of the Code are not specifically enumerated.

The licensee relies on *Commonwealth v. Rudd*, 366 Pa. Superior Ct. 473, 531 A.2d 515 (1987) for the proposition that a conviction under the Code upon a minor cannot be used to impose a more severe penalty when he is an adult. In *Rudd* a trial court considered the defendant's prior adjudication of delinquency and increased the sentence of an adult convicted of driving under the influence pursuant to Section 3731(e)(1) of the Code.[5] The Superior Court reversed, reasoning that the increased sentencing required by Section 3731(e)(1) of the Code applies only to licensees with previous *convictions* under that section. Section 6354 of the Juvenile Act specifically provides that an adjudication or order under that Act is not a conviction of crime. The Superior Court concluded that since the defendant's adjudication of delinquency was not a conviction, the increased sentencing provision of the Code was not applicable.

The case before us is markedly different from *Rudd* making that case irrelevant here. The record in the case before us does not contain any evidence that the licensee's violation of Section 3743 was transferred by the district magistrate to the juvenile division of the court of common pleas pursuant to Section 6303(a)(2). It follows then that there is no evidence that the licensee was adjudicated as delinquent under the Juvenile Act for his violation of Section 3743. Accordingly, the licensee's violation of that Section is not afforded any protection by Section 6354 of the Juvenile Act.

We must conclude that the trial court committed an error of law in determining that a violation of Section 3743 of the Code while a minor cannot be considered by DOT for purposes of the application of the habitual offender provisions of the Code, Section 1542, to an adult offender. Accordingly, we reverse.

---

[5] 75 Pa. C. S. §3731(e)(1).

### Order

Now, November 17, 1988, the order of the Court of Common Pleas of Allegheny County at No. S.A. 972 of 1987, dated October 20, 1987, is hereby reversed.

Judge SMITH dissents.

Judge MACPHAIL did not participate in the decision in this case.