584 A.2d 291

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph S. BURSICK, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 27, 1990.

Decided Dec. 26, 1990.

8

Vicki Kuftic Horne, Schuchert Sheerer, P.C., Martin W. Sheerer, Pittsburgh, for appellant.

Christopher J. Clements, Asst. Counsel, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In 1987, the Pennsylvania Department of Transportation (DOT) imposed a five year suspension of operator's license upon the appellant, Joseph S. Bursick. An appeal was taken to the Court of Common Pleas of Allegheny County, whereupon the suspension was reversed. An appeal was subsequently taken to the Commonwealth Court, and the decision below was reversed. *Commonwealth v. Bursick*, 121 Pa.Commw.Ct. 187, 550 A.2d 290 (1988). We granted allowance of appeal.

Appellant's license to operate a motor vehicle was suspended pursuant to Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, which requires DOT to revoke the licenses of "habitual offenders." Habitual offenders are defined in the Code as persons who have, within any five year period, accumulated three convictions for certain driving offenses enumerated in the Code. 75 Pa.C.S. § 1542(a). The convictions that provided the basis for suspension of appellant's license consisted of one in 1982 for leaving the scene of an accident involving damage to an attended vehicle or property, 75 Pa.C.S. § 3743, and two in 1986 for driving under the influence of drugs or alcohol, 75 Pa.C.S. § 3731.

■ At issue in this appeal is whether appellant's license was properly suspended, and, in particular, whether the 1982 conviction was correctly considered as one of the three necessary to deem appellant a habitual offender. The conviction arose from an incident that occurred when appellant was fifteen years of age. Appellant drove a motor bike into a parked automobile and left the scene of the accident. He later reported the incident to police and went to a magistrate's office and paid for the damages to the automobile. He also paid a fine levied for the summary offense of leaving the scene of an accident. Payment of the fine constituted a plea of guilty, and, thus, a conviction. 75 Pa.C.S. § 6501. Appellant alleges that, because he was a juvenile at the time of that conviction, it should not be taken into account in affecting his rights as an adult.[1] We do not agree.

Appellant argues that it is inconsistent with the "spirit and intent" of laws pertaining to juveniles in this Commonwealth to allow young offenders to suffer consequences, under habitual offender provisions, for Vehicle Code violations. We are constrained, however, to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed in the relevant statutes. As stated in the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." See also *Commonwealth v. Bell*, 512 Pa. 334, 339–40, 516 A.2d 1172, 1175 (1986) (when the meaning of a statute is plain, there is no occasion to resort to rules of statutory construction or legislative intent).

The legislature has not conferred a blanket grant of immunity upon young offenders. Rather, it has set forth a clear and detailed scheme for dealing with such offenders, and, in so doing, it has prescribed the manner in which

---

1. Appellant was nineteen years of age when his license was suspended under the habitual offender provisions.

youthful offenders shall be held accountable for their actions. Juvenile Act, 42 Pa.C.S. § 6301 et seq. Examination of this statutory scheme reveals no basis for holding that appellant should escape the consequences of his 1982 offense.

 Under Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542, DOT is *required* to revoke the operating privilege of *any* person whose driving record meets criteria defining a habitual offender. Revocation is mandatory, not discretionary. See *Johnson v. Commonwealth*, 68 Pa. Commw.Ct. 384, 387, 449 A.2d 121, 123 (1982), citing *Nyman Motor Vehicle Operator License Case*, 218 Pa.Super. 221, 275 A.2d 836 (1971). No exception is provided for offenses committed by juveniles. Section 1542 provides:

(a) **General rule.**—The department *shall* revoke the operating privilege of *any* person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be *any* person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) **Offenses enumerated.**—Three convictions arising from separate acts of any one or more of the following offenses....

(Emphasis added). Plainly, under this language, DOT had no discretion over whether to revoke appellant's operating license. Given three convictions within the prescribed time period, revocation was required.

 Nevertheless, relying upon Section 6303 of the Vehicle Code, 75 Pa.C.S. § 6303, appellant argues that a person under sixteen years of age cannot be convicted by a magistrate for a summary offense. Hence, it is asserted

that the offense in question should be excluded from consideration. This argument is without merit.

Section 6303 provides:

**Rights and liabilities of minors**

Any person over the age of 16 years charged with the violation of any provisions of this title constituting a summary offense shall have all the *rights of an adult* and may be prosecuted under the provisions of this title in the same manner *as an adult.*

75 Pa.C.S. § 6303 (emphasis added). This provision plainly does not state that persons under sixteen years of age are exempt from prosecution. Instead, it merely states that any person over the age of sixteen years can be prosecuted for a summary vehicular offense *as an adult.* Thus, Section 6303 is not to be construed as a grant of immunity for young offenders; rather, it governs only the *manner* of prosecution. See generally *In the Interest of R.R.*, 317 Pa.Super. 334, 343, 464 A.2d 348, 353 (1983) (magistrates have authority to convict juveniles of summary offenses under the Vehicle Code); *Commonwealth v. Kirk J.*, 293 Pa.Super. 487, 439 A.2d 680 (1981) (fifteen year old defendant convicted by a magistrate for a summary offense under the Vehicle Code). See also 42 Pa.C.S. § 6322(a), infra (Section 6303 is relevant in determining whether to transfer a case to juvenile court from a criminal proceeding).

 Further, it is not proper, in a collateral civil proceeding such as the present one, for appellant to impugn the validity of the criminal conviction upon which DOT based the license suspension. See *Johnson v. Commonwealth*, 68 Pa.Commw.Ct. at 387, 449 A.2d at 123 ("The appropriate inquiry ... is 'whether the operator *was* convicted and not whether he *should have been* convicted,'" quoting *Nyman Motor Vehicle Operator License Case*, 218 Pa.Super. at 224, 275 A.2d at 838 (emphasis in original)). Thus, the argument raised by appellant that a person under sixteen years of age cannot be convicted of a summary Vehicle Code violation and additional allegations by appellant that

he did not know that by paying a fine to a magistrate he was pleading guilty to the offense and that he was not knowledgeable about the legal ramifications of pleading guilty are not within the proper realm of this proceeding.

█ Appellant further contends that the Juvenile Act, which generally applies to persons under the age of eighteen years, 42 Pa.C.S. § 6302, expresses a legislative intent that a conviction such as the present one should not be considered in any later proceeding. The following provision is relied upon in support of this argument:

(a) **General rule.**—An order of disposition or other adjudication in a proceeding *under this chapter* is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

(b) **Effect in subsequent judicial matters.**—The disposition of a child *under this chapter* may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority....

42 Pa.C.S. § 6354 (emphasis added). The foregoing provision is not, however, pertinent to the facts of this case. The 1982 conviction was not a disposition under the Juvenile Act, i.e., was not a disposition "under this chapter." Appellant was convicted by a magistrate and, clearly, there was no adjudication under the Juvenile Act used against appellant in the license revocation proceeding. Compare *Commonwealth v. Rudd*, 366 Pa.Super. 473, 531 A.2d 515 (1987) (where there had been an adjudication of delinquency under the Juvenile Act, it could not later be used against the defendant).

█ The Juvenile Act was simply not applicable to appellant's 1982 offense. Section 6303 of the Juvenile Act, 42 Pa.C.S. § 6303, defines the scope of the Act and provides in pertinent part as follows:

(a) **General rule.**—This chapter shall apply *exclusively* to the following:

(1) Proceedings in which a child is alleged to be a delinquent. . . .

(2) Transfers under section 6322 (relating to transfer from criminal proceedings).

(Emphasis added). Thus, unless a prosecution for a summary offense falls within the ambit of these provisions, the Juvenile Act is inapplicable. Insofar as the provision regarding proceedings in which a child is alleged to be a delinquent, it is sufficient to note that the Act expressly excludes summary offenses from the definition of delinquent acts. At the time of the conviction in question, 1982, the Act set forth in relevant part the following definition:

**"Delinquent act."**

(1) The term means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or under local ordinances.

(2) The term *shall not include:*

(i) the crime of murder; or

(ii) *summary offenses,* unless the child fails to pay a fine levied thereunder, in which event notice of such fact shall be certified to the court.

42 Pa.C.S. § 6302 (emphasis added).[2] Summary offenses do not, therefore, constitute delinquent acts unless there has been a failure by a child to pay a fine levied. The present case involved no failure to pay a fine, for appellant paid the fine assessed by the magistrate. Hence, under 42 Pa.C.S. § 6303(a)(1), supra, the Juvenile Act was not applicable.

▉ Nor was the Juvenile Act applicable under 42 Pa.C.S. § 6303(a)(2), supra. This provision brings within

**2.** In 1986 this provision was amended to substitute the phrase "to comply with a lawful sentence imposed" for "to pay a fine levied" in clause (2)(ii) and to add clause (2)(iii) which excludes from the definition of delinquent acts any "crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense." These amendments do not alter the basic exclusion of summary offenses from the definition of delinquent acts.

the scope of the Act certain criminal charges transferred to juvenile court under 42 Pa.C.S. § 6322, which at the time of the conviction in 1982 provided:

> **(a) General rule.**—Except as provided in 75 Pa.C.S. § 6303 (relating to rights and liabilities of minors), if it appears to the *court* in a criminal proceeding other than murder, that the defendant is a child, this chapter shall immediately become applicable, and the *court* shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings....

(Emphasis added).[3] The summary charge against appellant was not transferred to juvenile court. Nor should it have been. The quoted provision applies only to transfers by "courts." In 42 Pa.C.S. § 6302, the term "court" is defined for purposes of the Juvenile Act as the "court of common pleas." Under the Act, therefore, magistrates are not "courts." Hence, the summary charge against appellant was properly handled by a magistrate without a transfer to juvenile court.[4]

 It is clear that summary proceedings are an exception to the exercise of juvenile court jurisdiction. Juveniles can be convicted by magistrates for summary vehicular offenses, and these convictions are to be taken into account in applying the habitual offender provisions of the Vehicle Code. Appellant argues that this is a harsh result, in that it allows consequences to ensue later in life from summary offenses committed during the juvenile years. He also argues that this result is inconsistent with the law's generally protective approach toward juveniles. See generally 42

---

3. The introductory phrase of this provision was amended in 1986 to provide, "Except as provided in 75 Pa.C.S. § 6303 (relating to rights and liabilities of minors) or in the event the child is charged with murder or has been found guilty in a criminal proceeding, if it appears to the court in a criminal proceeding that the defendant is a child...." The amendment does not alter the fact that transfers to juvenile court are to be made by "courts," rather than magistrates, see infra.

4. Although magistrates have the power to handle summary cases involving juveniles, they are not empowered to detain, commit, or imprison juveniles. Juvenile Act, 42 Pa.C.S. § 6303(b).

Pa.C.S. § 6301(b) (protective goals of the Juvenile Act enumerated). Where the statutory scheme is clear in its meaning and effect, however, judicial speculation regarding the harshness, consistency, or social desirability of the policy underlying it is not warranted. Further, it would be improper to presume that the legislature intended to afford juveniles greater protection than has been *expressed* in the relevant statutes.

We conclude, therefore, that DOT properly took into account appellant's 1982 conviction when applying the habitual offender provisions of the Vehicle Code. The Court of Common Pleas erred in finding to the contrary. The Commonwealth Court properly reversed.

Order affirmed.