596 A.2d 889

**PHOENIXVILLE AREA SCHOOL DISTRICT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 25, 1991.

Decided Aug. 5, 1991.

Reargument Denied Sept. 17, 1991.

556

Elliott D. Goldberg, Paoli, for petitioner.

Leonard V. Tenaglia, Media, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Phoenixville Area School District (District) appeals an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision denying benefits because of willful misconduct to Donald J. Nicholas (Claimant).[1] For the reasons that follow, we affirm the Board.

Claimant worked for District as a secondary school math teacher for approximately eight years. In November, 1989, Claimant served as chief negotiator for the teachers' union in the course of a thirty-four-day strike, during which, District employed per diem substitutes to staff its facilities. While the strike continued, Claimant followed a female substitute to her home, a drive in excess of one hour, and the two had a verbal encounter on the street corner.

The township police, after receiving a complaint and statement from the substitute, charged Claimant with criminal harassment, to which Claimant pleaded not guilty. Claimant's father died the day of the hearing, so Claimant elected to pay the fine ($100.50) to have the matter quickly settled. Of his own accord, the district justice ordered a continuance of several weeks, but Claimant again failed to appear and was summarily convicted. Claimant paid the remaining court costs and did not appeal the conviction. Subsequently, District terminated Claimant's employment.

Following his discharge, Claimant applied for unemployment benefits which were denied by the Office of Employment Security (OES). Thereafter, a referee affirmed the

1. Claimant filed a petition for benefits under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Session, P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

action of OES, but upon appeal, the Board reversed the referee and granted benefits.

On appeal to this court,[2] District raises the following issues: 1) whether the Board's reversal of certain of the referee's findings and his decision was contrary to law, and 2) whether Claimant's behavior rose to the level of willful misconduct.

As to the first issue, District challenges the propriety of the Board's following findings, which reversed certain of the referee's key factual determinations:

6. The claimant was not violent and did not intimidate the substitute teacher.

. . . .

8. The claimant did not intend to harass, annoy or alarm the substitute teacher.

Board's decision at 1–2.

■■■ Initially, we note that in unemployment compensation cases, the Board is the ultimate factfinder and final arbiter regarding questions of witness credibility and evidentiary weight. *PMA Reinsurance Corporation v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 94, 558 A.2d 623 (1989). The Board may reach opposite findings of fact from the referee, even when no new evidence is taken and identical facts are reviewed. *Grimm v. Unemployment Compensation Board of Review*, 127 Pa.Commonwealth Ct. 368, 561 A.2d 1286 (1989). Accordingly, if substantial evidence supports the order of the Board, we must affirm. In the present case, when asked whether he had harassed a co-worker, Claimant testified, "No, I did not."[3] Claimant admitted speaking to the substitute, stating, "Well, I asked her if she needed the

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether findings of fact are not supported by substantial evidence. *Moore v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 274, 578 A.2d 606 (1990).

3. Claimant's testimony at 13.

money that badly that what she was doing was not a help to the Phoenixville kids, that it was hurting them by prolonging the strike. That was the extent of my remarks." [4] Claimant's testimony clearly constituted substantial evidence.

■ Turning to the second issue, the burden of proving eligibility for benefits rests with the claimant. *Worobec v. Unemployment Compensation Board of Review*, 112 Pa.Commonwealth Ct. 643, 536 A.2d 467 (1988). However, the burden is on the employer to prove allegations of willful misconduct which would deny the claimant benefits. *Moore v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 274, 578 A.2d 606 (1990). The Board concluded that Claimant had not engaged in willful misconduct.

■ A determination of whether Claimant's actions constitute willful misconduct is a question of law, reviewable upon appeal by this court. *Sill–Hopkins v. Unemployment Compensation Board of Review*, 128 Pa.Commonwealth Ct. 506, 563 A.2d 1288 (1989). In the present case, we are confronted with a summary conviction in abstentia for harassment and a finding of fact by the Board that no such harassment occurred. Claimant's conviction for harassment was a summary offense as defined by statute. It has long been held that:

> ... in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import ... expediency and convenience, rather than guilt, often control the defendant's 'trial technique'. In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction.

4. Claimant's testimony at 14.

*Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965). The more recent case of *Folino v. Young,* 523 Pa. 532, 568 A.2d 171 (1990), reiterates the point that "... convictions for summary offenses by themselves, where an accused is not entitled to a jury trial, are not admissible."

We find no authority holding that a summary conviction carries a presumption that the underlying events leading to the conviction actually occurred.

■ The Board found credible the Claimant's statement that all that occurred at the substitute's home was a nonviolent conversation about the strike. We conclude as a matter of law that this did not constitute willful misconduct.

Accordingly, we affirm.

### ORDER

AND NOW, August 5, 1991, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.