Harry E. HANLEY

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 1999.

Decided April 14, 2000.

Robert J. Sander and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

William E. Stockey, Pittsburgh, for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Motor Vehicles (Department) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Harry E. Hanley (Hanley) d/b/a park Motor Company (Company) from a two month suspension of Company's certificate of appointment as an official safety inspection station and a two month suspension of Hanley's certification as an official safety inspection mechanic imposed by the Department pursuant to Sections 4724 and 4726 of the Vehicle Code, 75 Pa.C.S. § 4724 and § 4726. We affirm.

In a notice dated March 10, 1998, the Department notified Hanley that the Company's certificate of appointment as an official safety inspection station and his certification as an official safety inspection mechanic would be suspended for two months as a result of performing a faulty inspection on a 1986 Ford Bronco. Hanley appealed the suspensions to the trial court which conducted a de novo hearing.

At the hearing, Trooper Melvin Paul testified that he received a complaint concerning the operation of a recently inspected 1986 Ford Bronco, which had been inspected by Hanley. Trooper Paul, a certified inspection mechanic, inspected the vehicle which had been driven 314 miles since Hanley inspected it. Trooper Paul discovered that the vehicle's back up lights were inoperable, the fuel pump was leaking gasoline, the exhaust system had a hole, there were deep grooves in the rotors which caused the brake pads to wear prematurely and the emergency brake did not work. All of the above irregularities are violations of the Pa.Code. Trooper Hanley testified that he issued a criminal citation to Hanley for violating 75 Pa.C.S. § 4727(b) which relates to requirements for issuance of a certificate. The relevant portion of 75 Pa.C.S. § 4727(b) provides that "An official certificate of inspection shall not be issued unless the vehicle or mass transit vehicle is inspected and found to be in compliance with the provisions of this chapter including any regulations promulgated by the department." Hanley pleaded guilty to the criminal citation and paid a fine. The Department presented a certified copy of Hanley's conviction to the trial court.

Hanley testified on his own behalf and claimed that at the time he inspected the 1986 Ford Bronco none of the violations listed by Trooper Paul were present and stated that they could have occurred because of the passage of time. He nonetheless fixed all of the problems with the vehicle after being notified of the problems. Moreover, although Hanley admitted pleading guilty to the criminal citation for performing a faulty inspection he testified that had he been informed of the suspensions at issue, he never would have pleaded guilty to the criminal citation and that by paying the fine and pleading guilty he thought that the matter would end.

The trial court sustained Hanley's appeal finding his testimony credible and his reasoning acceptable. This appeal by Department followed.

■ On appeal, Department argues that under the doctrine of judicial estoppel Hanley was precluded from claiming in his civil suspension that he did not perform a

faulty inspection because he pleaded guilty to the criminal charge of violating 75 Pa. C.S. § 4727(b), which relates to requirements for issuance of certificates of inspection. Judicial estoppel provides that a party to an action will be precluded from asserting a position inconsistent with his claim in a previous action if that position was successfully maintained. *Ligon v. Middletown Area School District*, 136 Pa. Cmwlth. 566, 584 A.2d 376 (1990). Here, Department maintains that because Hanley pleaded guilty to violating 75 Pa.C.S. § 4727(b) he is judicially estopped from asserting that he did not perform a faulty inspection. Although 42 Pa.C.S. § 6142(a) provides that a guilty plea or payment of fines in any summary proceeding made by a person charged with a violation of the Vehicle Code shall not be admissible in any civil matter arising out of the same circumstances, Department maintains that the exception set forth in 42 Pa.C.S. § 6142(b) is applicable. That section provides that the provisions of § 6142(a) are not applicable to proceedings involving the suspension of, inter alia, an official inspection station. Thus, maintains Department, Hanley's guilty plea to violating 75 Pa.C.S. § 4727(b) was admissible in the civil proceeding concerning violations of 75 Pa.C.S. § 4724 and 75 Pa.C.S. § 4726. Department concludes that, because Hanley pleaded guilty to violating 75 Pa.C.S. § 4727(b) in that he performed a faulty inspection, and such conviction was admissible, Hanley was estopped in the civil proceeding from claiming that he did not perform a faulty inspection. We disagree with the Department's argument for the following reasons.

First, we observe that as a general proposition, the doctrine of judicial estoppel bars a party from asserting a position inconsistent with his assertion in a previous action if his contention was successfully maintained. *Associated Hospital Service of Philadelphia v. Pustilnik*, 497 Pa. 221, 439 A.2d 1149 (1981).

■ Collateral estoppel forecloses the relitigation of an issue of law or fact in a subsequent action when the legal or factual issues are identical, they were actually litigated, they were essential to the judgment and they were material to the adjudication. *Yonkers v. Donora Borough*, 702 A.2d 618 (Pa.Cmwlth.1997).

■ In this case, Hanley pleaded guilty to the summary offense of violating 75 Pa.C.S. 4727(b). Our Supreme Court in *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965), *cert. denied*, 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966) and *Folino v. Young*, 523 Pa. 532, 568 A.2d 171 (1990) stated the principle that convictions for summary offenses, by themselves, where an accused is not entitled to a jury trial, are inadmissible. The Court stated:

> [W]e recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique". In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction.

*Hurtt*, 416 Pa. at 499, 206 A.2d at 627.

Although in this case 42 Pa.C.S. § 6142(b) specifically permits the admission of the guilty plea to 75 Pa.C.S. § 4727(b) in this proceeding, we are guided by this court's decision in *Phoenixville Area School District v. Unemployment Compensation Board of Review*, 141 Pa. Cmwlth. 555, 596 A.2d 889 (1991), *petition for allowance of appeal denied*, 529 Pa. 671, 605 A.2d 335 (1992), in determining that Hanley is not estopped from asserting that he did not conduct a faulty inspection.

In *Phoenixville*, the claimant was summarily convicted of criminal harassment. The claimant, a schoolteacher who was on strike, followed a replacement teacher to her home and had a verbal encounter on the street corner. The claimant was thereafter terminated from his employment at which time he applied for unemployment compensation benefits. Despite the criminal conviction for harassment, a summary offense, the Board, based on the testimony of the claimant, determined that the claimant did not harass the replacement teacher. This court determined that the summary conviction did not carry a presumption that the underlying events leading to the conviction actually occurred.

In this case, following the reasoning in *Phoenixville*, inasmuch as the summary conviction for performing a faulty inspection did not carry a presumption that the events leading to the conviction actually occurred, Hanley is not estopped from asserting that he did not perform a faulty inspection.[1]

Accordingly, the order of the trial court is affirmed.

### *ORDER*

NOW, April 14, 2000, the order of the Court of Common Pleas at No. S.A. 0281 of 1998, filed February 12, 1999, is affirmed.

---

[1]. We note that this is not a case wherein Department sought to suspend Hanley's inspection license as a direct result of a violation of 75 Pa.C.S. § 4727(b). There is no mandatory requirement that a suspension occur as a result of a violation of 75 Pa.C.S. § 4727(b). This court and our Supreme Court have held that a party in a collateral civil proceeding cannot impugn the validity of the criminal conviction upon which the Department based the license suspension. *Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990), *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994), *cert. denied*, 513 U.S. 884, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994)(review of an operating privilege suspension which resulted from a criminal conviction does not include the authority to attack the underlying criminal conviction.) Here, however, as previously stated, Department's attempt to impose suspension on Hanley is not as a result of a collateral civil consequence of the criminal conviction for violating 75 Pa.C.S. § 4727(b). Rather, the guilty plea is used to assist Department in its case. (Department's brief at p. 9.)