**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LATIF ALKHATIB, | : | |
| | : | No. 583 EDA 2018 |
| Appellant | | |

Appeal from the PCRA Order January 3, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-1201672-2002

BEFORE:  LAZARUS, J., OLSON, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:      **FILED FEBRUARY 06, 2019**

I join the Majority's holding that, because Appellant is no longer serving his sentence, he is ineligible for PCRA relief.  ***See*** Majority's Memorandum at 2. ***See also Commonwealth v. Ahlborn,*** 699 A.2d 718, 720 (Pa. 1997) ("[T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.") (emphasis in original).

I write separately to note my displeasure with the manner in which this case proceeded.  As set forth in greater detail in the Majority's memorandum,

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a PCRA petition challenging the effectiveness of his counsel in March 2011. After the PCRA court continued a hearing on Appellant's petition in February 2012, this case saw no further action until April 2017. In my opinion, a five-year period in which this case languished with no action is unacceptable. Additionally, and most troubling, is the fact that by the time action resumed in Appellant's case, Appellant had completed his sentence and therefore, was no longer eligible for relief under the PCRA. In light of his ineligibility, the PCRA court determined it was without jurisdiction to grant Appellant relief, and dismissed his petition on January 3, 2018. Trial Court Opinion, 1/3/2018, at 3.

As noted by the Majority, the exact reason for the lengthy delay is not apparent from the record. Nevertheless, the PCRA court's failure to issue an order rescheduling Appellant's PCRA hearing, in conjunction with allowing this case to sit undisturbed for several years without directing the parties to move forward, certainly contributed to part of the delay in this case. To that extent, I remind the PCRA court that our Supreme Court has made clear that "[t]he PCRA court [has] the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." *Commonwealth v. Renchenski*, 52 A.3d 251, 260 (Pa. 2012) (citing *Commonwealth v. Porter*, 35 A.3d 4, 24–25 (Pa. 2012) ("[T]he court, not counsel, controls the scope, timing and pace of the proceedings below.")).

While the result in this case is arguably unfair, the statute is clear; a petitioner must be serving a sentence of imprisonment, parole or probation to be eligible for relief.  42 Pa.C.S. § 9543(a)(1)(i).   I presume the Legislature contemplated situations, like the one present in this case, when setting the parameters for relief under the PCRA.   Accordingly, I concur.   ***See Commonwealth v. Bursick***, 584 A.2d 291, 293 (Pa. 1990) ("We are constrained, however, to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed in the relevant statutes.").

Judge Lazarus joins this concurring memorandum.