IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Uninsured Employers Guaranty     :
Fund,     :
                Petitioner     :
    :
        v.     : No. 908 C.D. 2024
    : Submitted: June 3, 2025
Luis Aguilar, Joe Miller Construction,     :
Life Time Contractor Company, LLC,     :
Life Time Home Improvement     :
Contractors, LLC, and State Workers'     :
Insurance Fund (Workers'     :
Compensation Appeal Board),     :
                Respondents     :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                FILED: September 9, 2025


      The Uninsured Employers Guaranty Fund (the Fund) petitions this Court for review of the Workers' Compensation Appeal Board's (Board) June 18, 2024 order affirming the Workers' Compensation Judge's (WCJ) decision (Decision) that granted Luis Aguilar's (Claimant) claim petition under the Workers' Compensation Act[1] (Act) and found the Fund secondarily liable for payment of Claimant's workers' compensation benefits. After review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

## BACKGROUND

On April 21, 2022, Claimant filed a claim petition alleging he suffered a disabling injury in the nature of a spine and hand fracture on March 30, 2022, after he fell off a roof while working as a laborer for Joe Miller Construction Company. Certified Record (C.R.) at 9-10.[2]  Joe Miller Construction Company denied that it was Claimant's employer. *Id*. at 17.  On June 8, 2022, Claimant filed a claim petition for benefits from the Fund. *Id*. at 21.  On December 19, 2022, the Fund filed a petition to join Life Time Home Improvement Contractors, LLC (Life Time) as an additional defendant, asserting that on the date of his injury, Life Time was Claimant's employer as a matter of law or, alternatively, Claimant's statutory employer. *Id*. at 49.

In his Decision, the WCJ found Claimant proved through substantial, competent evidence that he suffered a work-related injury in the nature of a spinal fracture while performing his job duties as a roofer for Life Time. *Id*. at 70.  The WCJ found Joe Miller Construction Company did not employ Claimant. *Id*. at 84. Rather, Life Time employed Claimant, and Joe Miller Construction Company subcontracted Life Time to do shingle work on the date of Claimant's injury. *Id*. The WCJ determined Life Time was domiciled in New Jersey and did not have workers' compensation insurance coverage in Pennsylvania on the date of Claimant's injury. *Id*.  at 69.  Accordingly, the WCJ denied and dismissed Claimant's claim petition against Joe Miller Construction Company, granted Claimant's claim petition against the Fund, and granted the Fund's joinder petition naming Life Time as an additional defendant. *Id*.  The WCJ found Life Time responsible for Claimant's temporary total disability benefits and the Fund

---

[2] For ease of reference, the citations to the Certified Record reflect electronic pagination.

secondarily liable for payment of Claimant's benefits. *Id.* The WCJ noted, however, the Fund was "not responsible for payment until Claimant show[ed] that he [was] not receiving or entitled to receive workers' compensation benefits in the state of New Jersey, consistent with Section 305.2(c.1)[ of the Act[3]]." *Id.*

The Fund appealed to the Board. *Id.* at 90. In relevant part, the Fund argued the WCJ erred in concluding the Fund was secondarily liable for the payment of compensation because Claimant failed to meet the requirements of Section 305.2(c.1) of the Act by submitting required evidence before the record closed. *Id.* at 141. The Board disagreed, noting the plain language of Section 305.2(c.1) of the Act did not support that conclusion. *Id.* The Board explained:

> The statute provides that no compensation shall be payable from [the Fund] "until the employe submits" the requisite proof that he or she is not entitled to workers' compensation benefits in the state where the employer is domiciled, which in this case is New Jersey. . . . There is no directive specifying when this proof must be submitted to [the Fund]. Although there is a reference to supplying the evidence to [the Fund] "and to any workers' compensation judge hearing a petition against" [the Fund], it does not specify that this must occur during the initial . . . litigation.
>
> . . . .
>
> Moreover, even if we were to focus on policy considerations rather than statutory language, we would reach the same result. A claimant cannot be required to first go through proceedings in another state and then file a workers' compensation claim in Pennsylvania. The Pennsylvania claim could easily end up being time-barred because . . . there is a short window for filing a [claim against the Fund] in Pennsylvania. . . .
>
> . . . Section 305.2(c.1) [of the Act] does not state that its requirements must be met prior to the close of the record when litigating [a claim petition against the Fund]. Instead it is the payment of benefits that is subject to the condition precedent, not the adjudication of entitlement.

---

[3] Added by Section 9 of the Act of December 5, 1974, P.L. 782, 77 P.S. § 411.2.

*Id*. at 143-44. Accordingly, the Board affirmed the WCJ's Decision. *Id*. at 145.

The Fund now petitions this Court for review of the Board's Order. The Fund argues the Board committed an error of law by concluding it is secondarily liable for the payment of compensation where it is uncontested that Claimant failed to satisfy the requirements of Section 305.2(c.1) of the Act. The Fund's Br. at 12. In response, Claimant asserts the Board did not err in determining the Fund is secondarily liable for payment of compensation because it did not obligate the Fund to make any such payment until Claimant provides written proof of his ineligibility for workers' compensation benefits in New Jersey, consistent with the plain language of Section 305.2(c.1) of the Act. Claimant's Br. at 12.

## DISCUSSION

This Court reviews workers' compensation orders for violations of a party's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.* Regarding questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Sedgwick Claims Mgmt. Servs., Inc. v. Bureau of Workers' Comp., Fee Rev. Hearing Off. (Piszel & Bucks Cnty. Pain Ctr.)*, 185 A.3d 429 (Pa. Cmwlth. 2018). In other words, we consider the case anew, *see Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020, 1029 (Pa. Cmwlth. 2002) (citation omitted), and we may review the entire record. *Probst v. Dep't of Transp., Bureau of Driver Licensing*, 849 A.2d 1135 (Pa. 2004).

The Fund challenges the Board's interpretation of Section 305.2(c.1) of the Act. Section 305.2(c.1) of the Act provides:

> If an employe alleges an injury that is incurred with an employer which is domiciled in another state and which has not secured the payment of

4

compensation as required by this act, such employe shall provide to the [Fund], and to any workers' compensation judge hearing a petition against the [F]und, a written notice, denial, citation of law or court or administrative ruling from such other state or an insurer licensed to write insurance in that state as to that employer, indicating that the employe is not entitled to workers' compensation benefits in that state. No compensation shall be payable from the [Fund] until the employe submits the notice, denial, citation or ruling, however, the employe may file a notice or petition against the [F]und . . . prior to the submission.

77 P.S. § 411.2.

When tasked with interpreting a statute, this Court is guided by the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1921. Under Section 1921(a) of the Statutory Construction Act, "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The clearest indication of legislative intent is the plain language of a statute. *See Off. of Governor v. Donahue*, 98 A.3d 1223, 1237-38 (Pa. 2014). It is well established that "when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). Notably, "[w]e are constrained . . . to apply statutory language enacted by the legislature rather than speculate as to whether the legislative spirit or intent differs from what has been plainly expressed." *Commonwealth v. Bursick*, 584 A.2d 291, 293 (Pa. 1990). Moreover, as a matter of statutory interpretation, while we are "admonished to listen attentively to what a statute says[;] [we] must also listen attentively to what it does not say." *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001) (quoting Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L.Rev. 527, 536 (1947)). Courts may not supply terms in a statute that have been omitted because "[i]t is not our role . . . to engage in judicial legislation and to

5

rewrite a statute in order to supply terms which are not present therein." *In re Nov. 3, 2020 Gen. Election*, 240 A.3d 591, 611 (Pa. 2020). Furthermore, we recognize

> [o]ur basic premise in [workers'] compensation matters is that the [Workers'] Compensation Act is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives. Accordingly, [b]orderline interpretations of the [Workers' Compensation] Act are to be construed in the injured party's favor.

*Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.)*, 834 A.2d 524, 528 (Pa. 2003) (internal quotations and citations omitted).

Here, the Fund asserts Section 305.2(c.1) of the Act "mandate[d] the submission of evidence establishing Claimant [was] not entitled to benefits in New Jersey . . . **while** the claim was pending before the WCJ." The Fund's Br. at 9 (emphasis added). However, this is not supported by the plain language of the statute. The statute provides "[n]o compensation **shall be payable**" from the Fund until the claimant submits evidence demonstrating the claimant is not entitled to workers' compensation benefits from another state. 77 P.S. § 411.2(c.1) (emphasis added). A plain reading of this statute makes clear the Fund is not required to **pay compensation** to a claimant until the claimant submits the required evidence. In other words, Section 305.2(c.1) of the Act conditions the Fund's payment of compensation on a claimant's submission of evidence. The statute does not reference the Fund's liability or a required timeline for the submission of such evidence, and we decline to furnish additional terms into the statute to supply provisions which are not present therein. *See In re Nov. 3, 2020*, 240 A.3d at 611.

Moreover, if the legislature intended to require a claimant to submit the required evidence before the Fund could be held liable for the payment of benefits, it could have used the term "liable" in the statute as it has in other sections of the

6

Act. For example, Section 301(a) of the Act provides, in relevant part, "[e]very employer shall be **liable** for compensation for personal injury to . . . each employe, by an injury in the course of his employment." 77 P.S. § 431 (emphasis added). Likewise, Section 202 of the Act indicates an "employer shall be **liable** for the negligence of employes other than the plaintiff." 77 P.S. § 1302 (emphasis added). Another example is found in Section 205 of the Act, which provides "[i]f disability or death is compensable under this act, a person shall not be **liable** to anyone at common law or otherwise." 77 P.S. § 1305 (emphasis added). Yet, here, the legislature makes no mention of the Fund's liability, instead, referencing only the Fund's payment of compensation. Accordingly, we agree with the Board's interpretation and application of Section 305.2(c.1) of the Act, and we discern no error by the Board.

## CONCLUSION

For the foregoing reasons, we affirm the Board's Order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Uninsured Employers Guaranty : 
Fund, : 
                   Petitioner : 
 : 
          v. : No. 908 C.D. 2024
 : 
Luis Aguilar, Joe Miller Construction, : 
Life Time Contractor Company, LLC, : 
Life Time Home Improvement : 
Contractors, LLC, and State Workers' : 
Insurance Fund (Workers' : 
Compensation Appeal Board), : 
             Respondents : 

# **O R D E R**

    **AND NOW**, this 9th day of September 2025, the June 18, 2024 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

                                      _____
                                      STACY WALLACE, Judge